IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRADLEY ALAN JONES,

                                                ORDER

                   Plaintiff,

                                           10-cv-44-bbc

     v.

DARREL KUHL,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Bradley Jones, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, has submitted a proposed civil action pursuant to 42 U.S.C. § 1983. He asks for leave to proceed in forma pauperis and has supported his request with a copy of his six-month trust fund account statement. I have examined a copy of this statement and reviewed this court's own financial records. From these documents, I conclude that plaintiff has not been paying the debts he incurred under the 1996 Prison Litigation Reform Act in connection with another lawsuit he filed previously in this district, Jones v. Bielke, 07-C-594-C. Therefore, plaintiff is not entitled to proceed in forma pauperis in this action at this time.

      On October 29, 2007, plaintiff made the initial partial payment of $39.98 toward

1

the fee for filing his complaint in case no. 07-C-594-C. In an order entered on December 26, 2007, the court acknowledged receipt of the initial partial payment and directed that the remainder of the $350 filing fee be deducted from plaintiff's account according to 28 U.S.C. § 1915(b)(2). On February 11, 2008, plaintiff filed a notice of appeal in case no. 07-C-594-C, for which he owes a $455 filing fee, also to be paid in monthly installments pursuant to § 1915(b)(2). Plaintiff's last payment to this court was on January 14, 2008 and he presently has an outstanding balance in case no. 07-C-594-C of $721.08. Until he is current with his payments, he will not be allowed to proceed in forma pauperis in this case or in any new case that he may file.

28 U.S.C. § 1915(b)(2) provides that "after payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account . . . ." If the prisoner then files additional complaints or appeals, the amount owed increases as well. For example, when plaintiff filed his complaint in case no. 07-C-594-C and made the initial partial payment, he became obligated to pay 20 percent of his income to reduce the balance due on the $350 filing fee. Then when plaintiff filed his appeal in case no. 07-C-594-C, he became obligated to pay 40 percent of his monthly income for both the $350 filing fee and the $455 appeal filing fee. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir.

2

2000) (fees for filing more than one lawsuit or appeal accumulate). The trust fund account statement plaintiff submitted in this case shows that he has not been paying as required.

In Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit cautioned prisoner litigants to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. "If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending funds on personal items until they can be applied properly." Id. at 776. Nonpayment of obligations a prisoner incurs under the Prisoner Litigation Reform Act for any reason other than destitution is to be understood as a voluntary relinquishment of the prisoner's right to file future suits in forma pauperis, just as if the prisoner had a history of frivolous litigation. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996).

It appears from the trust fund account statement that plaintiff filed in this case that he is in arrears for at least $292.11 and likely much more than that. The chart below illustrates the calculation performed in reviewing plaintiff's financial statement. The first column shows the month in which plaintiff received income; the second column shows the amount of his monthly income; the third column shows the amount plaintiff owed, which is 40% of the previous month's income; the fourth column shows the amount of plaintiff's monthly payments; and the last column shows the minimum amount I am able to determine

3

that plaintiff owes.

| Month | Income | Amount Owed | Amount Paid | Amount Still Due |
|---|---|---|---|---|
| July 2009 | $55.00 | | $0 | |
| August 2009 | $86.92 | $22.00 | $0 | $22.00 |
| September 2009 | $78.96 | $34.77 | $0 | $34.77 |
| October 2009 | $188.20 | $31.58 | $0 | $31.58 |
| November 2009 | $143.80 | $75.28 | $0 | $75.28 |
| December 2009 | $73.96 | $57.52 | $0 | $57.52 |
| January 2010 | $103.44 | $29.58 | $0 | $29.58 |
| February 2010 | | $41.38 | $0 | $41.38 |
| **TOTAL** | $730.28 | $292.11 | $0 | $292.11 |

In sum, it is not possible to determine the exact amount plaintiff should have paid toward his debts because the court does not have the relevant trust fund account statements from plaintiff. Regardless, that job belongs to plaintiff and prison officials at the institutions in which he was confined. Hall v. Stone, 170 F.3d 706 (7th Cir. 1999) (order under 28 U.S.C. § 1915(b) directs warden as trustee of account to disburse amounts owed in accordance with statutory directive).

As soon as this court is notified that plaintiff is no longer in arrears for the filing fees

4

in case no. 07-C-594-C, he may renew his request for leave to proceed in forma pauperis in this case. However, he should take note that he will have to support his request for leave to proceed in this case with a certified trust fund account statement for the full six-month period immediately preceding the filing of his renewed request.

ORDER

IT IS ORDERED that until plaintiff has paid the amounts he is in arrears under 28 U.S.C. § 1915(b)(2) in Jones v. Bielke, 07-C-594-C, he may not apply for leave to proceed in forma pauperis in any future action in this court except under the circumstances permitted under 28 U.S.C. § 1915(g). As soon as this court is notified that plaintiff's payments for the fees in case no. 07-C-594-C are up to date, plaintiff may renew his request for leave to proceed in forma pauperis in this case.

Finally, IT IS ORDERED that the clerk is directed to close the file.

Entered this 8th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge